IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS JOHNSON, | : | 1:11-cv-831 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DHO CHAMBERS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

### February 7, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 28), filed on January 20, 2012, which recommends that the Defendants' Motion to Dismiss or in the alternative for Summary Judgment (Doc. 19) be granted and that this action be dismissed. Magistrate Judge Carlson also recommends that the action be dismissed under F.R.C.P. 41(b) for Plaintiff's failure to prosecute the action. Objections to the R&R were due by February 6, 2012. On February 1, 2012, *pro se* Plaintiff Carlos Johnson ("Plaintiff" or "Johnson") filed a letter with the Court that we shall

deem to be objections to the R&R.[1] Defendants have not filed objections to the R&R. Accordingly, this matter is now ripe for our review. For the reasons that follow, we shall adopt the Magistrate Judge's R&R and dismiss this case.

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). As noted previously Johnson filed a two-page letter with the Court instead of formal objections. However, recognizing his status as a *pro se* litigant, we broadly

---

[1] However, we note for the record that the letter is a mere two and a half pages long and does nothing more than reiterate claims made by Johnson in the complaint and does not attempt to lodge any *legal* challenge to the Magistrate Judge's recommendations.

construed Johnson's submission as objections to the R&R and shall endeavor to analyze the portions of the R&R with which he takes issue.

## II.   DISCUSSION

This *pro se* civil rights case was brought by Johnson, a former inmate of the Special Management Unit ("SMU") of the Lewisburg Penitentiary.  Johnson names three Defendants, a disciplinary hearing officer, DHO Chambers, the warden of the Lewisburg Penitentiary, B.A. Bledsoe, and a correctional officer, C.O. Kashner.[2] As set forth in his complaint, and again in his "objections" to the R&R, Johnson complains that DHO Chambers denied him an opportunity to review prison videotapes during a disciplinary hearing in 2010, and further alleges that defendant Chambers was "belligerent" during this hearing and "used intimidated force beyond that which is necessary to arouse me."  Unrelated to the incident with DHO Chambers, Plaintiff complains about C.O. Kashner's alleged refusal to remove a non-lethal OC gas canister from the floor of the housing unit where Johnson was housed.  Plaintiff alleges that the gas caused him breathing difficulties, and when he asked C.O. Kashner to remove the canister he explained that "the people gave him orders not to clean it up to teach the rest of y'all a [lesson]."  As to Warden Bledsoe,

---

[2] The complaint also contains several complaints not directed at any particular Defendant.

Johnson alleges that he did not properly investigate the incident with C.O. Kashner as well as other of Johnson's grievances.

On October 19, 2011, the Defendants filed a Motion to Dismiss or in the alternative for Summary Judgment. The Motion papers indicated that Johnson had been released from the Lewisburg Penitentiary and was in a halfway house in Newport News Virginia. Johnson thereafter reported to the Court that he was no longer in any form of custody, but failed to respond to the Defendants' Motion as he was required to. Thus, in an effort to manage the case, Magistrate Judge Carlson issued an Order setting an explicit deadline by which Johnson was required to respond to the Defendants' Motion. Johnson was warned that failure to make a filing would result in the Court deeming the Motion as unopposed. The deadline of December 7, 2011 passed without a filing by the Plaintiff. Thus, Magistrate Judge Carlson deemed the Motion as unopposed pursuant to Local Rule 7.6 and rendered the instant R&R.

In the R&R, Magistrate Judge Carlson recommends dismissal on two separate grounds. First, he recommends that the case be dismissed pursuant to F.R.C.P. 41(b), which authorizes a court to dismiss a federal action for a plaintiff's failure to prosecute. Second, after undertaking a merits analysis of the complaint, Magistrate Judge Carlson recommends that the Defendants be granted judgment on

Plaintiff's claims. We shall discuss each of the Magistrate Judge's recommendations in turn.

With respect to Magistrate Judge Carlson's recommendation that the case be dismissed for Plaintiff's failure to prosecute, we note that we do not find Plaintiff's recently filed letter "objections" to the R&R sufficient to save the case from Rule 41 dismissal. Pursuant to that rule, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, however, that discretion is governed by the *Poulis* factors.[3] In this case, as noted by Magistrate Judge Carlson in detail in the R&R, a dispassionate assessment of the *Poulis* factors weighs heavily in favor of dismissal of the action. The delays in this case are entirely attributable to Plaintiff, who has failed to abide by Court orders and to respond to a dispositive motion in this case despite abundant warnings from the Court. The Defendants are plainly prejudiced by Plaintiffs failure to properly litigate the claim because the resolution of the case is delayed and frustrated. Also, the Plaintiff has been historically

---

[3] The factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F. 2d 863, 868 (3d Cir. 1984) are as follows: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

dilatory in the case and that the delay has been the fault of the Plaintiff alone. Further, as aptly noted by Magistrate Judge Carlson, when considering other sanctions less than dismissal, in situations such as this case, where courts are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative because the Court is limited in the types of sanctions we can utilize. *See Briscoe v. Klaus*, 538 F. 3d 252, 262-263 (3d Cir. 2008). Finally, and as will be discussed below, many of Plaintiff's claims are plainly unmeritorious, further warranting dismissal under a *Poulis* factor analysis.

Next, turning to a merits analysis of Plaintiff's claims, it is evident that Plaintiff's claims against Warden Bledsoe fail because the Plaintiff has failed to allege that the Warden, a supervisory defendant, actively deprived him of a right secured by the Constitution. *See Morse v. Lower Merion School Dist.*, 132 F. 3d 902 (3d Cir. 1997). Plaintiff only alleges that the Warden failed to investigate wrongs of which none, as will be discussed herein, rise to the level of a constitutional wrong. Thus, Warden Bledsoe is entitled to judgment on Plaintiff's claims against him.

Further, with respect to Johnson's claims against DHO Chambers, the factual averments made by Plaintiff that DHO Chambers was "belligerent" during the


disciplinary hearing or "used intimidated force beyond that which was necessary to arouse me" do not rise to the level of a due process violation. *See Lasko v. Holt*, 334 F. App'x 474 (3d Cir. 2009). As discussed in detail by Magistrate Judge Carlson in the R&R, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Plaintiff's allegations against DHO Chambers, which are essentially that DHO Chambers raised his voice at Plaintiff in a disciplinary hearing and would not permit review of videotapes, simply do not rise to the level of a due process violation.

Finally, with respect to the Plaintiff's claim against C.O. Kashner, which Magistrate Judge Carlson broadly construes as an Eighth Amendment excessive force claim, this claim also fails as a matter of law. Johnson simply alleged that a can of non-lethal OC spray was left on the floor of his housing unit at some time and that he experienced coughing as a result. This set of facts simply does not rise to the level of an Eighth Amendment excessive force claim. As aptly noted by Magistrate Judge Carlson, there are several factors a court examines in determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury

inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.  *See Brooks v. Kyler*, 204 F. 3d 102, 106 (3d Cir. 2000)(quotations omitted).  Here, at this stage of the litigation, Johnson's claims are not supported by well-pleaded facts.  While Johnson may have experienced discomfort as a result of being near the release of the OC gas, he has not pled facts that give rise to the level of an Eighth Amendment claim.  Based on the foregoing, we agree with Magistrate Judge Carlson that this claim must be dismissed for failure to state a claim as a matter of law.

## IV.   CONCLUSION

Based on the foregoing analysis, we shall overrule the Plaintiff's limited objections to the R&R and adopt the R&R in its entirety.  Defendants' Motion to Dismiss or in the alternative for Summary Judgment shall be granted.  An appropriate Order shall issue.